MH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Jordan Ross Hall,

Plaintiff,

v.

GEO Group Incorporated, *et al.*,

Defendants.

No.  CV 21-08182-PHX-JJT (JZB)

**ORDER**

On August 16, 2021, Plaintiff Jordan Ross Hall, who is confined in the Arizona State Prison-Kingman, filed a Letter addressed to the Clerk of Court (Doc. 1) and lodged a proposed complaint pursuant to the Foreign Sovereign Immunities Act and the Alien Tort Claims Act (Doc. 2). Plaintiff also paid the filing and administrative fees. On September 3, 2021, Plaintiff filed a "Motion for Release of Complaint" (Doc. 5).

**I.     Letter**

In his Letter, Plaintiff asks the Court to file the lodged complaint under seal because it contains "unredacted sensitive personal information." Plaintiff does not describe the nature of this information in any detail, nor does he specify which portions of the lodged complaint fall into this category.

First, it is improper for a party to communicate directly with court personnel. Simply mailing a letter to the Clerk of Court, the judge, or any court personnel is unacceptable. Any request for action by the Court must be in the form of a motion that complies with the Rules of Practice of the United States District Court for the District of Arizona (the Local

**JDDL**

Rules). Any future letters directed to the Clerk of Court, the judge, or any court personnel will be stricken from the record and will be returned to Plaintiff.

Second, the public has a right to inspect judicial documents and records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Although this right is not absolute, there is a strong presumption in favor of access to judicial records. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to seal a judicial record must overcome this presumption by showing that compelling reasons "outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79. Plaintiff has not done that here.

Finally, Local Rule of Civil Procedure 5.6(b) requires that "[a]ny motion . . . to file a document under seal must set forth a clear statement of the facts and legal authority justifying the filing of the document under seal . . . ." Plaintiff does not even describe the information that purportedly warrants sealing, much less identify any harm that would accompany disclosure of that information. Plaintiff has also failed to explain why any sensitive information could not simply be redacted in accordance with Federal Rule of Civil Procedure 5.2. *See* Fed. R. Civ. P. 5.2(a) (discussing a litigant's obligation to redact certain personal identifying information).

The Court will deny Plaintiff's Letter and will instruct the Clerk of Court to return the lodged complaint to Plaintiff. *See* LRCiv 5.6(e) ("If a request to file under seal is denied . . . , the lodged document will not be filed."). If Plaintiff wishes, he may resubmit this document for filing in the public record. **Before doing so**, however, Plaintiff should note that Local Rule of Civil Procedure 3.4 requires all prisoner complaints to be "signed and legibly written or typewritten on **forms approved by the Court** and in accordance with the instructions provided with the forms." If Plaintiff files a complaint that is not on the court-approved form attached to this Order, it may be dismissed pursuant to Local Rule 3.4.

Plaintiff should also be aware that this Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a

complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

Arguments of the "sovereign citizen" ilk have been repeatedly rejected as frivolous or meritless. *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("nonsensical assertions of [individual] sovereignty and immunity" should be "rejected summarily, however they are presented"); *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) ("Courts have been confronted repeatedly by ["sovereign citizens"'] attempts to delay judicial proceedings and have summarily rejected their legal theories as frivolous."); *United States v. Ward*, 182 F.3d 930, 1999 WL 369812, at *2 (9th Cir. May 13, 1999) (finding "sovereign citizen" contentions frivolous and noting that such contentions are ordinarily "rejected without extended argument"). Thus, to the extent any of Plaintiff's jurisdictional allegations or substantive claims are based on a "sovereign citizen" theory, they will be rejected as frivolous. *See Benabe*, 654 F.3d at 767; *see also, e.g.*, *One Main Fin. of Ind., Inc. v. Butler*, No. 2:18 CV 56, 2018 WL 2296752, at *2 (N.D. Ind. May 21, 2018) (remanding action for lack of federal jurisdiction where plaintiff argued that court had diversity jurisdiction because he was an instrumentality of a foreign state); *Bendeck v. Workman*, No. CV 17-00180 JMS-RLP, 2017 WL 1758079, at *4 (D. Haw. May 4, 2017) (rejecting assertion of diversity jurisdiction premised on "sovereign citizen" theory).

**II.    Motion for Release of Complaint**

In his Motion for Release of Complaint, Plaintiff requests that copies of the lodged complaint be mailed to him and to a third party so he may prepare summonses for Defendants. The Motion for Release of Complaint will be denied as premature. As discussed above, prisoner complaints against governmental officers or entities are required to be screened by this Court *before* service on defendants. 28 U.S.C. § 1915A. If and when it is determined that Plaintiff has stated a viable claim for relief, the Court will direct the United States Marshal to serve Defendant(s).

JDDL

**III.   Warnings**

**A.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.   Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)   Plaintiff's Letter (Doc. 1) seeking to file the lodged complaint under seal is **denied**.

(2)   The Clerk of Court **must not file** the lodged complaint (Doc. 2), **must return** the document to Plaintiff, and must **unseal** this case.

(3)   Plaintiff's Motion for Release of Complaint (Doc. 5) is **denied** as premature.

(4)   Within **30 days**, Plaintiff may submit a complaint for filing in the public record.

(5)   If Plaintiff fails to file a complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice and deny any pending unrelated motions as moot.

(6)   The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 23rd day of September, 2021.

_____
Honorable John J. Tuchi
United States District Judge

JDDL

- 4 -

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  Who May Use This Form.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  The Form.  **Local Rule of Civil Procedure (LRCiv) 3.4 provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3.  Your Signature.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  The Filing and Administrative Fees.   The total fees for this action are $402.00 ($350.00 filing fee plus $52.00 administrative fee).  If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  Original and Judge's Copy.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.  **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6.  Where to File.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $402 filing and administrative fees or the application to proceed in forma pauperis to:**

1

Revised 12/1/20

<u>Phoenix & Prescott Divisions</u>:　　　**OR**　　　<u>Tucson Division</u>:
U.S. District Court Clerk　　　　　　　　　　U.S. District Court Clerk
U.S. Courthouse, Suite 130　　　　　　　　　U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10　　　　405 West Congress Street
Phoenix, Arizona   85003-2119　　　　　　　Tucson, Arizona   85701-5010

7.　<u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.　<u>Certificate of Service</u>.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**
　　A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name:　_____
Address:_____
　　　　　Attorney for Defendant(s)

_____
(Signature)

9.　<u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed**.   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.　<u>Exhibits</u>.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.　<u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.    Completing the Civil Rights Complaint Form.

**HEADING:**
1.    Your Name.   Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.    Defendants.   If there are **four or fewer** defendants, print the name of each.   If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.   Insert the additional page after page 1 and number it "1-A" at the bottom.

3.    Jury Demand.   If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."   Failure to do so may result in the loss of the right to a jury trial.   A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**
1.    Nature of Suit. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."   If you mark "other," identify the source of that authority.

2.    Location.   Identify the institution and city where the alleged violation of your rights occurred.

3.    Defendants.   Print all of the requested information about each of the defendants in the spaces provided.   If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**
You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided.   If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**
You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

3

1.   Counts.   You must identify which civil right was violated.   **You may allege the violation of only one civil right per count**.

2.   Issue Involved.   Check the box that most closely identifies the issue involved in your claim.   **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3.   Supporting Facts.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4.   Injury.   State precisely how you were injured by the alleged violation of your rights.

5.   Administrative Remedies.   You must exhaust any available administrative remedies before you file a civil rights complaint.   *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

4

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)


Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

**CASE NO**. _____
(To be supplied by the Clerk)


**CIVIL RIGHTS COMPLAINT
BY A PRISONER**


☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.   JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
☐ Other: _____ .

2.   Institution/city where violation occurred: _____ .

Revised 12/1/20                             1                             **550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____.  The first Defendant is employed
as: _____ at_____.
(Position and Title) (Institution)

2.  Name of second Defendant: _____.  The second Defendant is employed as:
as: _____ at_____.
(Position and Title) (Institution)

3.  Name of third Defendant: _____.  The third Defendant is employed
as: _____ at_____.
(Position and Title) (Institution)

4.  Name of fourth Defendant: _____.  The fourth Defendant is employed
as: _____ at_____.
(Position and Title) (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.   CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____

_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities         ☐ Mail            ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings  ☐ Property        ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies:**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☐ Yes      ☐ No
b.    Did you submit a request for administrative relief on Count I?              ☐ Yes      ☐ No
c.    Did you appeal your request for relief on Count I to the highest level?     ☐ Yes      ☐ No
d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

_____.

3

**COUNT II**

1.    State the constitutional or other federal civil right that was violated: _____
_____ .

2.    **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings          ☐ Property          ☐ Exercise of religion          ☐ Retaliation
☐ Excessive force by an officer     ☐ Threat to safety   ☐ Other: _____ .

3.    **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

4.    **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____ .

5.    **Administrative Remedies.**
      a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                              ☐ Yes      ☐ No
      b.    Did you submit a request for administrative relief on Count II?                    ☐ Yes      ☐ No
      c.    Did you appeal your request for relief on Count II to the highest level?      ☐ Yes      ☐ No
      d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____ .

4

**COUNT III**

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings          ☐ Property          ☐ Exercise of religion          ☐ Retaliation
☐ Excessive force by an officer     ☐ Threat to safety   ☐ Other: _____.

3.    **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies.**
      a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                    ☐ Yes     ☐ No
      b.    Did you submit a request for administrative relief on Count III?          ☐ Yes     ☐ No
      c.    Did you appeal your request for relief on Count III to the highest level?     ☐ Yes     ☐ No
      d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on   _____          _____
                                DATE                                                 SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)



_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.